# EXHIBIT A



# State of New Jersey
### Department of Banking and Insurance
### Office of the Commissioner
PO Box 325
Trenton, NJ 08625-0325

Tel (609) 292-7272

Phil Murphy
*Governor*

Sheila Oliver
*Lt. Governor*

Marlene Caride
*Commissioner*

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

2/5/2019

Attention:
CORPORATION TRUST COMPANY
VERLAN FIRE INSURANCE COMPANY
820 BEAR TAVERN ROAD
WEST TRENTON, NJ 08628

RE: Simply Natural Foods, LLC, et al. v. Verlan Fire Insurance Company
Superior Court of New Jersey, Hudson County Law Division
Docket No.: L-5029-18

Dear Sir/Madam:

You are hereby notified that on this date the Commissioner of the New Jersey Department of Banking and Insurance has accepted original service of process on your behalf in the above-captioned matter. The documents served are enclosed herein.

By copy of this letter I am advising the attorney for the Plaintiff(s) in this matter that these documents have been transmitted to you, and confirming that the Commissioner of Banking and Insurance is not authorized to receive service of any further documents in this action.

Very Truly Yours,

Debra A. Mullen
Administrative Assistant

C: Lerner, Arnold & Winston, LLP
ATTN: Frank P. Winston, Esq.
475 Park Avenue South, 28th Floor
New York, NY 10016




LERNER, ARNOLD & WINSTON, LLP
Attorneys-At-Law
By: Frank P. Winston, Esq.
Attorney ID No.: 011522004
475 Park Avenue South, 28th Floor
New York, New York 10016
(212) 686-4655
Attorneys for Plaintiffs

| | |
|---|---|
| SIMPLY NATURAL FOODS LLC, QUENTIN REALTY LLC, HEALTHY FOOD BRANDS LLC, <br><br>   Plaintiffs, <br><br> -against- <br><br> VERLAN FIRE INSURANCE COMPANY, <br><br>   Defendant. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: <br><br> HUDSON COUNTY <br><br> DOCKET NO.: L-5029-18 <br><br> **SUMMONS** |

From: The State of New Jersey
To:   The Defendant Named Above

    The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf). If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to the plaintiffs' attorney whose name and address appear above, or to the plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief the plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.



1

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

                                                          Michelle M. Smith
                                                      Clerk of the Superior Court

Dated: January 30, 2019

<u>Name of the Defendant to be served:</u>
Verlan Fire Insurance Company

LERNER, ARNOLD & WINSTON, LLP
Attorneys-At-Law
By: Frank P. Winston, Esq.
Attorney ID No.: 011522004
475 Park Avenue South, 28th Floor
New York, New York 10016
(212) 686-4655
Attorneys for Plaintiff

| | |
|---|---|
| SIMPLY NATURAL FOODS LLC, QUENTIN REALTY LLC, HEALTHY FOOD BRANDS LLC, <br><br> Plaintiffs, <br><br> -against- <br><br> VERLAN FIRE INSURANCE COMPANY, <br><br> Defendant. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION MIDDLESEX COUNTY DOCKET NO.: <br><br> CIVIL ACTION <br><br> **COMPLAINT AND JURY TRIAL DEMAND** |

The Plaintiffs Simply Natural Foods LLC, Quentin Realty LLC, Healthy Food Brands LLC, by and through their attorneys Lerner, Arnold & Winston, LLP, as and for their Complaint and Jury Trial Demand, respectfully allege upon information and belief the following:

## PARTIES AND JURISDICTION

1. At all times hereinafter mentioned, the Plaintiff Simply Natural Foods LLC was and still is a foreign limited liability company organized and existing under and by virtue of the laws of the State of New York.

2. At all times hereinafter mentioned, the Plaintiff Quentin Realty LLC was and still is a domestic limited liability company organized and existing under and by virtue of the laws of the State of New Jersey.

3. At all times hereinafter mentioned, the Plaintiff Quentin Realty LLC owned the



1

building and real property located at 22 a/k/a 122 Quentin Avenue, New Brunswick, NJ 08901.

4. At all times hereinafter mentioned, the Plaintiff Healthy Food Brands LLC was and still is a foreign limited liability company organized and existing under and by virtue of the laws of the State of New York.

5. At all times hereinafter mentioned, the Plaintiffs Simply Natural Foods LLC and Healthy Food Brands LLC were tenants of the 22 a/k/a 122 Quentin Avenue, New Brunswick, NJ 08901 property and actively operated business and stored goods in that space.

6. At all times hereinafter mentioned, Simply Natural Foods LLC, Quentin Realty LLC, Healthy Food Brands LLC, shall collectively be referred to as "Plaintiffs" unless specifically stated otherwise.

7. At all times hereinafter mentioned, the Defendant Verlan Fire Insurance Company (hereinafter referred to as "Defendant") was and still is a foreign insurance entity domiciled in the State of New Hampshire.

8. At all times hereinafter mentioned, the Defendant was and still is authorized by the New Jersey Department of Banking and Insurance to issue policies of insurance within the State of New Jersey.

9. At all times hereinafter mentioned, the Defendant did and still does transact business within the State of New Jersey, including but not limited to the issuance of insurance policies within the State of New Jersey.

## VENUE

10. Middlesex County is an appropriate venue for this action pursuant to N.J. Court Rules, Rule 4:3-2(a)(1), in that this action affects title to real property or a possessory or other



2

MID-L-001010-19   01/29/2019 5:44:16 PM   Pg 3 of 7 Trans ID: LCV2019182138

interest therein, or for damages thereto, which is situated within Middlesex County.

11. In particular, the property at issue in this action is located at 22 a/k/a 122 Quentin Avenue, New Brunswick, NJ 08901 (hereinafter referred to as the "subject property").

### BACKGROUND FACTS AND PLAINTIFFS CAUSE OF ACTION FOR BREACH OF CONTRACT AGAINST THE DEFENDANT

12. Prior to January 1, 2018, for good and valuable consideration, the Defendant issued to the Plaintiffs a policy of insurance bearing the policy number M004389-17 (hereinafter referred to as the "subject insurance policy").

13. The Plaintiffs are named insureds listed within the subject insurance policy.

14. The subject insurance policy insured the Plaintiffs, the subject insured building, sprinkler system and the business personal property located therein against all risks of direct physical loss unless otherwise expressly excluded or limited under the policy.

15. The subject insurance policy maintained effective dates of coverage from February 3, 2017 to February 3, 2018.

16. At all times hereinafter mentioned, the Plaintiffs maintained an ownership interest in the subject building, sprinkler system and the business personal property located therein.

17. In particular, the business personal property contained therein amounted to food products which was warehoused and sold and delivered to supermarkets and other retail purchasers.

18. The Plaintiffs were obliged to maintain the food products in accordance with all governing Federal and State laws and regulations regarding the safe maintenance of food products sold to the general public.

19. At all times hereinafter mentioned, the Plaintiffs maintained an insurable



3

interest in the subject building, sprinkler system and the business personal property located therein.

20. On and around January 1, 2018, the subject insurance policy afforded the Plaintiffs, the subject building, sprinkler system and the business personal property located therein with certain insurance coverage.

21. On and around January 1, 2018, the subject insurance policy was in full force and effect.

22. On and around January 1, 2018 and while the subject insurance policy was in full force and effect, the subject building, sprinkler system and the business personal property located therein sustained a direct physical loss and/or damage, specifically arising from water flooding the insured premises through multiple broken sprinkler pipes.

23. In particular, the cascading water at issue soaked the food products and other business personal property maintained in the warehouse, rendering them unsaleable and making them a total loss, and further necessitating the repair and replacement of the building sprinkler piping, as well as repairs of upstairs office space that was heavily damaged by the flooding water.

24. Pursuant to the terms of the subject insurance policy, the Plaintiffs submitted an insurance claim to the Defendant seeking to be indemnified for the full amount of covered damages that were sustained in connection with the January 1, 2018 loss.

25. At all times hereinafter mentioned, the Plaintiffs insurance claim was governed by the claim number 19-00126957.

26. Subsequent to the Plaintiffs submission of their insurance claim, the Defendant wrongfully denied the Plaintiffs insurance claim.

27. Subsequent to the Plaintiffs submission of their insurance claim, the Defendant wrongfully failed to fully indemnify the Plaintiffs for all of the covered building, business personal property, sprinkler system, extra expenses and other damages sustained as a result of the January 1, 2018 loss, despite the fact the same has been duly demanded.

28. The Defendant's wrongful denial of the Plaintiffs insurance claim constitutes a breach of contract.

29. The Defendant's wrongful failure to fully indemnify the Plaintiffs for all of the covered damages sustained as a result of the January 1, 2018 loss constitutes a breach of contract.

30. The Defendant's wrongful denial of the Plaintiffs insurance claim constitutes bad faith because no debatable reasons exist to support Defendant's failure to fully indemnify Plaintiff for the losses it suffered. As a result, Plaintiffs are entitled to recover its consequential damages incurred thereafter pursuant to *Pickett v. Lloyds*, 252 N.J. Super. 477, 600 A.2d 148 (1993) and it's progeny.

31. The Defendant's failure to fully indemnify the Plaintiffs for all of the covered damages sustained as a result of the January 1, 2018 loss constitutes bad faith because no debatable reasons exist to support the denial of said claim. As a result, Plaintiffs are entitled to consequential economic losses in accordance with *Pickett v. Lloyds*, 252 N.J. Super. 477, 600 A.2d 148 (1993).

32. The Plaintiffs have complied with all of the terms and conditions of the subject insurance policy.

33. The Plaintiffs have submitted sufficient and reasonable proof in support of their insurance claim.



34. As a result of the Defendant's above mentioned breach of contract, the Plaintiffs have been damaged in an amount to be determined by a Middlesex County Jury.

WHEREFORE, the Plaintiffs demand judgment on their Cause of Action against the Defendant for:

a) All covered damages pursuant to the terms of the subject insurance policy, together with lawful interest;

b) Building damages, together with lawful interest;

c) Business personal property damages, together with lawful interest;

d) Extra Expenses incurred, together will lawful interest;

e) Sprinkler system damages, together with lawful interest;

f) Compensatory damages, together with lawful interest;

g) Consequential damages, together with lawful interest;

h) Costs of suit and reasonable attorneys' fees; and

i) For such other and further relief as this Court deems just and proper.

## JURY DEMAND

The Plaintiffs, pursuant to New Jersey Civil Rule 4:35-1, hereby demand a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Frank P. Winston, Esq., of the law firm Lerner, Arnold & Winston, LLP, is hereby designated as trial counsel for the Plaintiffs in the within action.

                                                        Frank P. Winston

Dated: January 29, 2019

6

MID-L-001010-19   01/29/2019 5:44:16 PM   Pg 7 of 7 Trans ID: LCV2019182138

## CERTIFICATION

Pursuant to the requirements of New Jersey Civil Rule 4:5-1 (Notice of Other Actions), I, the undersigned, do hereby certify, to the best of my knowledge, information and belief, that, except as hereinafter indicated, the subject of the controversy referred to in the within pleading is not the subject of any other cause of action, pending in any other Court, or of a pending arbitration proceeding, nor is any other cause of action, arbitration proceeding contemplated:

1. OTHER ACTIONS PENDING? . . . Yes___ No X

    a. If Yes – Parties to other pending actions (see attachment).

    b. In my opinion, the following parties should be joined in the within pending cause of action (see attachment).

2. OTHER ACTIONS CONTEMPLATED? . . . Yes_____ No X

    If Yes - Parties contemplated to be joined in other causes of action (see attachment).

3. ARBITRATION PROCEEDINGS PENDING? . . . Yes__ No X

    a. If Yes - Parties to arbitration proceedings (see attachment).

    b. In my opinion, the following parties should be joined in the pending arbitration proceedings (see attachment).

4. OTHER ARBITRATION PROCEEDINGS CONTEMPLATED? . . . Yes__ No X

    If Yes - Parties contemplated to be joined to arbitration proceedings (see attachment). In the event that during the pending of the within cause of action, I shall become aware of any change as to any facts stated herein, I shall file an Amended Certification, and serve a copy thereof on all other parties (or their attorneys) who have appeared in said cause of action.

                                                       Frank P. Winston

Dated: January 29, 2019

LAW
NER·ARNOLD·WINSTON

7

MID L 001010-19  01/30/2019 5:01:33 AM  Pg 1 of 1  Trans ID: LCV2019183232

MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK   NJ 08903-2633

COURT TELEPHONE NO. (732) 645-4300
COURT HOURS  8:30 AM - 4:30 PM

TRACK ASSIGNMENT NOTICE

                DATE:    JANUARY 29, 2019
                RE:      SIMPLY NATURAL FOODS   LLC  VS VERLAN FIRE INSURAN
                DOCKET:  MID L -001010 19

     THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 4.

     DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE MANAGING JUDGE ASSIGNED IS:  HON JAMIE D. HAPPAS

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    003
AT:  (732) 645-4300.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                ATTENTION:
                            ATT: FRANK P. WINSTON
                            LERNER ARNOLD & WINSTON LLP
                            475 PARK AVE SOUTH 28TH FL
                            NEW YORK         NY 10016

ECOURTS

MID-L-001010-19   01/29/2019 5:44:16 PM  Pg 1 of 1 Trans ID: LCV2019182138

# Civil Case Information Statement

### Case Details: MIDDLESEX | Civil Part Docket# L-001010-19

**Case Caption:** SIMPLY NATURAL FOODS LLC VS VERLAN FIRE INSURAN
**Case Initiation Date:** 01/29/2019
**Attorney Name:** FRANK P WINSTON
**Firm Name:** LERNER ARNOLD & WINSTON LLP
**Address:** 475 PARK AVE SOUTH 28TH FL
NEW YORK NY 10016
**Phone:**
**Name of Party:** PLAINTIFF : Simply Natural Foods LLC
**Name of Defendant's Primary Insurance Company (If known):** Unknown

**Case Type:** COMPLEX COMMERCIAL
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
   If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
   If yes, for what language:

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/29/2019
Dated

/s/ FRANK P WINSTON
Signed

 **CT Corporation**

**Service of Process Transmittal**
02/08/2019
CT Log Number 534888123

**TO:** Jennifer Lauro
The Hanover Insurance Group
N-430, 440 Lincoln St
Worcester, MA 01653-0002

**RE:** **Process Served in New Jersey**

**FOR:** Verlan Fire Insurance Company  (Domestic State: NH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | SIMPLY NATURAL FOODS LLC, et al., Pltfs. vs. VERLAN FIRE INSURANCE COMPANY, Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint, Certificate, Notice(s), Attachment(s) |
| **COURT/AGENCY:** | Hudson County Superior Court - Law Division, NJ<br>Case # L502918 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, West Trenton, NJ |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 02/08/2019 postmarked on 02/07/2019 |
| **JURISDICTION SERVED:** | New Jersey |
| **APPEARANCE OR ANSWER DUE:** | Within 35 days from the date of receipt, not counting the date of receipt |
| **ATTORNEY(S) / SENDER(S):** | Frank P. Winston<br>Lerner, Arnold & Winston, LLP<br>475 Park Avenue South, 28th Floor<br>New York, NY 10016<br>212-686-4655 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/08/2019, Expected Purge Date: 02/13/2019<br><br>Image SOP<br><br>Email Notification,  Service of Process  ogclitmail@hanover.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | The Corporation Trust Company<br>820 Bear Tavern Road<br>3rd Floor<br>West Trenton, NJ 08628<br>609-538-1818 |

Page 1 of 1 / PK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

STATE OF NEW JERSEY
DEPARTMENT OF BANKING AND INSURANCE
PO BOX 325
TRENTON, NJ 08625-0325

**RETURN RECEIPT
REQUESTED**





U.S. POSTAGE >> PITNEY BOWES
ZIP 08628  $ 007.60
02 1W
0001389439 FEB 07 2019

VERLAN FIRE INSURANCE COMPANY
C/O CORPORATION TRUST COMPANY
820 BEAR TAVERN ROAD
WEST TRENTON NJ  08628